UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, | 18 CV _____ <br><br> **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| THE EXHIBIT COMPANY, INC., | |
| Defendants. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to recover delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and1332, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation.

7. Defendant The Exhibit Company, Inc. ("Exhibit") is a corporation incorporated under the laws of the state of New York. At all relevant times, Exhibit was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Exhibit maintains its principal place of business at 30-20 Review Ave, Long Island City, New York, 11101.

## STATEMENT OF FACTS

8.     At all relevant times, Exhibit was a party to or otherwise manifested an intent to be bound by a collective bargaining agreement ("CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9.     The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

10.    The CBA required Exhibit to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11.    The CBA required Exhibit to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

12.    The CBA required Exhibit to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

13.    Pursuant to the CBA, the Funds conducted audits of Exhibit's books and records on three separate occasions (collectively referred to as "the Audits"). The first audit ("Audit 1") covered the period April 1, 2011 through September 12, 2012; the second audit ("Audit 2") covered the period September 5, 2014 through June 29, 2016; the third audit ("Audit 3") covered the period June 30, 2016 through June 27, 2018.

14.    Exhibit has failed to remit all amounts found due by the Audits.

**FIRST CLAIM FOR RELIEF AGAINST EXHIBIT**
*Unpaid Contributions Under 29 U.S.C. § 1145*

15. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

17. The CBA requires that Exhibit make contributions to the Funds for all Covered Work it performs.

18. Exhibit failed to remit $223.58 in interest and promotional fund contributions found to be due and owing by Audit 1.

19. Exhibit failed to remit principal contributions of $10,578.28 (less a payment on account of $5,505.69), interest on the unpaid contributions which is continuing to accrue, promotional fund contributions of $363.65, audit costs of $3,272.50, liquidated damages of $2,115.66, and late payment interest of $90.68, found to be due and owing by Audit 2.

20. Exhibit failed to remit principal contributions of $1,904.99, interest on the unpaid contributions which is continuing to accrue, promotional fund contributions of $124.25, and liquidated damages of $381.00 found to be due and owing by Audit 3.

21. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Exhibit is liable to the Funds for all amounts found due in the Audits, including: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid

contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by the Funds in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST EXHIBIT**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

22. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

24. Exhibit violated the terms of the CBA when it failed to remit all contributions and associated amounts found due, as revealed by the Audits.

25. As a result of Exhibit's violation, the Funds are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE,** the Funds respectfully request that this Court:

(i) Award judgment in favor of the Funds and against Exhibit for its failure to pay the Funds all contributions required by the CBA;

(ii) Order Exhibit to pay the Funds, as revealed by the Audits, all delinquent contributions, interest on the unpaid contributions, liquidated damages, and audit costs, along with all attorneys' fees and costs incurred by the Funds in connection with this action; and

(iii) Award the Funds such other and further relief as the Court deems just and proper.

Dated: New York, New York  
        December 4, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Todd Dickerson  
40 Broad Street, 7th Floor  
New York, NY 10004  
(212) 943-9080  
*Attorneys for Plaintiffs*